IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH DOMINIC HOEHN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-093 |
| | ) | |
| MARTY ALLEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition for lack of exhaustion. (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **GRANTED** and that this case be dismissed without prejudice and **CLOSED**.

**I.   BACKGROUND**

A jury sitting in the Superior Court of Richmond County, Georgia, found Petitioner guilty in March 2010 of malice murder, felony murder based on aggravated assault, and possession of a firearm during the commission of a crime. Hoehn v. State, 744 S.E.2d 46, 47 & n.1 (Ga. 2013). The trial court sentenced Petitioner to life in prison for the malice murder conviction and five consecutive years for the firearm conviction; the felony murder conviction was vacated by operation of law. Id. The trial court denied Petitioner's motion for a new trial on May 2, 2012. Id.

Through new counsel, Petitioner filed a direct appeal raising two grounds of error: (1) he was denied a fundamentally fair trial because the trial court failed to sustain his objection to the questioning of a witness by a juror; and (2) he was improperly prejudiced because the trial court failed to grant his general demurrer to the felony murder count because the count failed to allege the elements of the underlying felony of aggravated assault. Id.; Resp. Ex. 1, p. 3. The Georgia Supreme Court affirmed his convictions on direct appeal on June 3, 2013. The Supreme Court found the trial court erred for not sustaining the objection regarding a juror questioning a witness but that the error was harmless, and as to the second enumeration of error, it lacked merit but was also moot because the felony murder conviction was vacated by operation of law upon his conviction for malice murder. Hoehn, 744 S.E.2d at 48-49. Petitioner did not seek a writ of certiorari from the United States Supreme Court or file a state petition for a writ of habeas corpus. (Doc. no. 1, p. 2.)

Petitioner raises multiple grounds for relief in his federal habeas corpus petition. Petitioner argues the indictment in his case was defective in multiple ways, both trial and appellate counsel were ineffective in multiple ways, and the trial court erred in denying Petitioner's motion for a directed verdict and motion for a new trial. (Id. at 3-17.) In his brief in support of his petition, Petitioner also argues his due process and equal protection rights were violated because he was not present for the hearing on his motion for a new trial. (Doc. no. 3, p. 6.) On the one hand, Petitioner asserts he has exhausted his claims by filing a direct appeal, but he also asks that the federal court review all of his claims under the "plain error" standard even if all of his claims are not exhausted because he has been wrongly convicted. (Doc. no. 1, pp. 2-3, 18; doc. no. 3, pp. 14-15; doc. no. 8, pp. 1-2.)

2

Respondent moves to dismiss the petition because Petitioner filed his federal habeas corpus petition without first utilizing available state remedies to exhaust all of his claims, namely he did not file a state habeas corpus petition. (See generally doc. no. 6.)

II. DISCUSSION

A. The Exhaustion Requirement.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[1] Id. In Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).

---

[1] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40).

### B. The Petition Should Be Dismissed.

#### 1. Petitioner Failed to Exhaust State Remedies.

Here, although Petitioner asserts he has satisfied the exhaustion requirement "because [he] raised claim in direct appeal [sic]" (doc. no. 1, p. 2), he also concedes, correctly, that at least some of his claims were "not previously presented in any other court, state or federal." (Id. at 16.) Contradicting his own statement that he has satisfied the exhaustion requirement, Petitioner requests this Court conduct "plain error" review of all issues raised in his federal petition even if an issue has not been previously raised or properly exhausted. (Doc. no. 1, p. 18; doc. no. 3, pp.14-15.) Respondent disagrees that any of Petitioner's claims have previously been raised in state court, (doc. no. 6, pp. 5-6), but also argues to the extent Petitioner argues the exhaustion requirement should be excused for cause because he received ineffective assistance of appellate counsel, those claims of ineffective assistance of appellate counsel are unexhausted. Namely, Petitioner has not filed a state habeas corpus petition in which he could raise such claims.

"[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Mize v. Hall, 532 F.3d 1184, 1191 n.5 (11th Cir. 2008). However, an unexhausted claim is not procedurally defaulted unless the existence of a state procedural bar makes it evident that any future attempts at exhaustion would be futile. Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013). Here, the state habeas courts are available to hear Petitioner's ineffective assistance of appellate counsel claims. See, e.g., Tompkins v. Hall, 728 S.E.2d 621, 623 (Ga. 2012) (discussing ineffective assistance of appellate counsel claims in context of state habeas petition); Brown v. Baskin, 690 S.E.2d 822, 823-25 (Ga. 2010) (affirming state habeas corpus relief based on claim of ineffective assistance

5

of appellate counsel). Nothing in the record suggests Petitioner would be prevented from pursuing relief on his ineffective assistance of appellate counsel claims in the state habeas courts, and such exhaustion will, as Respondent describes, provide "a forum for factual development of the claims in the state courts and giv[e] the state courts the first opportunity to correct any alleged constitutional violations." (Doc. no. 6, p. 6.)

### 2. Application of the Stay and Abeyance Procedure Is Not Appropriate.

As explained above, the parties disagree as to whether Petitioner has exhausted any of his claims. The Court need not parse these differences because there is no doubt that at least some of the claims are unexhausted, in particular his ineffective assistance of appellate counsel claims, and Petitioner has not demonstrated that application of the stay and abeyance procedure is appropriate. See Rhines, 544 U.S. at 275-79. The requirements of Rhines may be summarized as follows: "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-78); Isaac v. Augusta SMP Warden, 470 F. App'x 816, 819 (11th Cir. 2012) (recognizing three requirements from Rhines as appropriate for consideration of applicability of stay and abeyance procedure). However, the stay and abeyance procedure should only be used in limited circumstances because it has the potential to (1) frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. If the district court determines that a stay

and abeyance is not the appropriate avenue on which to proceed, in lieu of dismissing the entire petition, the court also has the option - "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief" - of severing any unexhausted claims from the petition and proceeding with the exhausted claims. Id. at 278.

Regardless of which claims may or may not be exhausted, Petitioner has not demonstrated good cause under the first prong of Rhines for failing to exhaust his claims in state court. As explained above, the state habeas courts are clearly an available forum for Petitioner to pursue his ineffective assistance of appellate counsel claims. See Tompkins, 728 S.E.2d at 623; Brown, 690 S.E.2d at 823-25. Petitioner offers no explanation in his original petition or response to the motion to dismiss for why he did not raise these claims in a state habeas petition. Indeed, Petitioner acknowledges there is an exhaustion requirement but simply requests this Court ignore it because he is purportedly innocent of any murder charge. (See doc. no. 1, pp. 17-18; doc. no. 8, p. 2.) Petitioner has not shown good cause for failing to raise his unexhausted claims in state court, and therefore, he cannot satisfy the three prongs set forth in Rhines, making application of the stay and abeyance procedure inappropriate in this case.[2]

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). Nor has Petitioner argued, let alone shown, that dismissal of his entire petition would unreasonably impair his right to obtain federal relief such that he wants to delete his unexhausted claims and proceed with the exhausted claims. See Rhines, 544 U.S. at 278. He simply wants to skip over the state courts in favor of federal court. Accordingly, because

---

[2]Because Petitioner cannot meet the "good cause prong" of Rhines, the Court does not reach the "potentially meritorious" or "dilatory litigation tactics" prongs.

Petitioner has not exhausted all of the claims raised in this federal petition and may still raise claims in a properly filed state habeas corpus petition that may provide the relief sought or cause to excuse any otherwise procedurally defaulted claims, this action should be dismissed without prejudice for failure to exhaust. Reedman, 305 F. App'x at 546.

### C. An Evidentiary Hearing Is Not Warranted.

Lastly, in his response to the motion to dismiss, Petitioner requests an evidentiary hearing on the merits of the claims raised in his federal petition. (Doc. no. 8, p. 4.) Pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases, "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Under the applicable provision of AEDPA, if the petitioner has failed to develop the basis for a claim in state court, an evidentiary hearing on a given claim is prohibited unless the petitioner shows that:

> (A) the claim relies on –
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). A petitioner has "failed to develop the basis for a claim" – and consequently must satisfy the requirements of 28 U.S.C. § 2254(e)(2) to qualify for a hearing – if "petitioner or his counsel were [not] diligent in developing the record in the state habeas proceedings." Ward v. Hall, 592 F.3d 1144, 1159 (11th Cir. 2010). In other words, Petitioner

8

must show that he made a reasonable attempt, in light of the information available at the time, to investigate and pursue his claims in state court. Williams v. Taylor, 529 U.S. 420, 437 (2000).

Here, Petitioner's request is, at best, premature because Respondent has moved to dismiss his petition on procedural grounds. The issue of exhaustion has been fully briefed. Because the Court is recommending that the motion to dismiss be granted, the merits of the underlying claims in the federal petition are not currently before the Court. Therefore, the request for a hearing on the merits of Petitioner's claims should be **DENIED**.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 6), that the request for an evidentiary hearing on the merits of the petition be **DENIED**, and that this case be dismissed without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of October, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA